*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* H. M., Minor.

UNPUBLISHED
January 14, 2020

No. 349537
Iosco Circuit Court
Family Division
LC No. 19-000683-NA

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

Respondent appeals the trial court's order terminating his parental rights to the minor child, HM, under MCL 712A.19b(3)(k)(*ii*) and (m)(*i*). We affirm.

In December 2018, respondent was convicted following a jury trial of four counts of first-degree criminal sexual conduct involving penetration, three counts of second-degree criminal sexual conduct and one count of gross indecency against HM. Respondent was sentenced to serve 47.5 to 75 years in prison. In light of his convictions, the Department of Health and Human Services (petitioner) filed a petition to have the trial court take jurisdiction over the child and terminate respondent's parental rights.

On appeal, respondent argues that the trial court clearly erred in finding sufficient evidence to terminate his parental rights under MCL 712A.19b(3)(m)(*i*) and that termination was in the child's best interests. We disagree.[1]

The petitioner must establish at least one statutory ground for termination by clear and convincing evidence. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "If the court finds that there are grounds for termination of parental rights and that termination of parental

___

[1] We review the trial court's findings regarding statutory grounds for clear error. MCR 3.997(K); *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012). The trial court's decision regarding the child's best interests is also reviewed for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016).

rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). The petitioner must prove by a preponderance of the evidence that termination of parental rights is in the child's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

MCL 712A.19b(3)(m)(*i*) allows for termination of rights when the parent is convicted of an enumerated offense "and the court determines that termination is in the child's best interests because continuing the parent-child relationship with the parent would be harmful to the child." Defendant does not dispute that he was convicted of crimes listed in MCL 712A.19b(3)(m)(*i*). Instead, he takes issue with one of petitioner's arguments for termination.

Petitioner argued, in part, that termination of parental rights was necessary to prevent communication between respondent and HM. The trial court echoed those concerns and reasoned that even though respondent is serving a substantial prison term, the possibility existed that he could make decisions regarding HM if something happened to the child's mother. Respondent argues that these were not sufficient reasons to terminate his parental rights because he is prohibited from contacting the child as a condition of his sentence.[2] We are not convinced that the court order prohibiting contact fully alleviates the trial court's concerns. In any event, given respondent's repeated sexual abuse of HM, the trial court did not clearly err in concluding that termination was in HM's best interests and that continuing the parental relationship would be harmful to her. Further, the caseworker testified that HM did not want to have a relationship with respondent, and respondent admitted that, aside from court proceedings, he had not seen HM since 2014.

Although not challenged by respondent, we also conclude that termination was appropriate under MCL 712A.19b(3)(k)(*ii*). That subsection provides for termination of rights when the parent abused the child, the abuse included criminal sexual conduct involving penetration and there is a reasonable likelihood that the child would be harmed if in the care of the parent. MCL 712A.19b(3)(k)(*ii*). Respondent's multiple convictions for criminal sexual conduct against HM established by clear and convincing evidence that returning the child to his care would poise a reasonable likelihood of harm.

Affirmed.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle

---

[2] We note that respondent is appealing his convictions.